Case 4:23-cv-02143   Document 24   Filed on 09/19/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 19, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| D.S., | § | |
| *Plaintiff,* | § § § § | |
| v. | § | Civil Action No. 4:23-cv-02143 |
| Commissioner of Social Security, | § § § § | |
| *Defendant.* | § § | |

## ORDER ON ATTORNEYS' FEES

Plaintiff D.S. an unopposed motion requesting an award of attorneys' fees incurred for prosecuting his successful appeal of the Social Security Administration's adverse ruling under 42 U.S.C. § 405(g). Dkt. 20. Because Defendant Commissioner of Social Security did not respond, the motion is deemed unopposed. *See* S.D. Tex. L.R. 7.4. As explained below, Plaintiff's motion is granted.

## Analysis

### I. **Plaintiff is entitled to recover attorneys' fees.**

The Equal Access to Justice Act ("EAJA") authorizes a plaintiff to recover reasonable attorneys' fees after successfully appealing a decision by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). To recover those fees, a plaintiff must establish: (1) that he is the prevailing party; (2) that he timely

filed a fee application, (3) the Government's position was not substantially justified; and (4) no special circumstances would make a fee award unjust. *See Reese v. Saul*, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing, *inter alia*, 28 U.S.C. § 2412(d)(1)(A)-(B)).

Plaintiff is the prevailing party. The Court granted Plaintiff's request to reverse Commissioner of Social Security denial of benefits and remanded this case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* Dkt. 8 (motion); Dkt. 17 (order adopting Dkt. 16); *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) (reversal and remand pursuant to 42 U.S.C. § 405(g) confers a plaintiff with prevailing party status).

Plaintiff also timely filed his motion for attorneys' fees within thirty days of the order reversing and remanding the case.[1] *See* 28 U.S.C. § 2412(d)(1)(B) (30-day deadline from final judgment); *id.* § 2412(d)(2)(G) (defining "final judgment" as "a judgment that is final and not appealable"); Dkt. 17 (April 16, 2025 order adopting M&R); Dkt. 20 (July 15, 2025 motion). Nothing indicates that the Commissioner's position was substantially justified or that any special

---

[1] Although the Commissioner's 60-day appellate deadline has yet to expire, *see* Fed. R. App. P. 4(a)(1)(B), the Court presumes from the Commissioner's non-opposition that the Commissioner does not intend to appeal. Regardless, even if the Commissioner were to appeal, that would not preclude this Court from resolving Plaintiff's fee application.

circumstances would make a fee award unjust. An award of fees under the EAJA is therefore proper.

## II. Plaintiff's requested fees are reasonable.

The Court turns to the number of hours worked and the applicable hourly rate. Plaintiff's application discloses a total of 36.2 attorney hours: (1) 35.1 attorney hours worked in 2023, at a requested hourly rate of $234.41; (2) a total of 1.1 hours worked in 2024 and 2025, at the same requested hourly rate of $240.19. *See* Dkt. 20 at 6; Dkt. 20-7 at 2-4. The total number of hours falls within the standard range for Social Security appeals. *See, e.g.*, *Thomas H. v. Kijakazi*, 2023 WL 5191950, at *2 (S.D. Tex. Aug. 10, 2023) (typically twenty to forty hours).

Counsel's requested hourly rates of $234.41 for 2023 and $240.19 for both 2024 and 2025 track the appropriate rates after accounting for cost-of-living adjustments in the area where this Court sits.[2] *See Kelsey v. O'Malley*, 2024 WL 1016372, at *2 (S.D. Tex. Feb. 14, 2024) (local Consumer Price Index ("CPI")-adjusted hourly rate for 2023 as $234.41), *adopted by* 2024 WL 1023036

---

[2] The full CPI chart for the Houston-The Woodlands-Sugar Land, Texas area in 2023 and 2024 is available on the U.S. Bureau of Labor Statistics' website. *See Databases, Tables & Calculators by Subject*, U.S. Bureau of Lab. Stat., https://perma.cc/83YX-2829. Plaintiff's figures utilize the 2024 CPI-adjusted rate for the minimal attorney time expended in 2025.

(S.D. Tex. Mar. 8, 2024); *Nash v. Colvin*, 2025 WL 871623, at *2 (S.D. Tex. Mar. 20, 2025) (CPI-adjusted rate for 2024 is $240.19).

Applying Plaintiff's requested CPI-adjusted rates ($234.41 for 2023 and $240.19 for 2024 onward) to the number of attorney-hours worked (35.1 hours in 2023, and a combined 1.1 hours in 2024 and 2025) results in a total of $8,492.00. That figure is a reasonable fee award in this case.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff D.S. be awarded $8,492.00 in attorneys' fees under the Equal Access to Justice Act. It is further **ORDERED** that the award must be payable to Plaintiff, but Defendant may send the payment to Plaintiff's counsel.

Signed on September 19, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

4